**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | | |
| ) | Case No. 1:15CR00039 | |
| ) | | |
| v. ) | **OPINION** | |
| ) | | |
| **GLORIA W. "FAYE" KENNEDY,** ) | By: James P. Jones | |
| ) | United States District Judge | |
| Defendant. ) | | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia for United States; Gloria W. "Faye" Kennedy, Pro Se Defendant.*

The defendant, Gloria W. "Faye" Kennedy, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging her 46-month sentence. The United States has filed a Motion to Dismiss. After reviewing the record and considering the arguments of the parties, I will grant the United States' Motion to Dismiss and deny Kennedy's § 2255 motion.

I.

On November 24, 2015, an Information charged Kennedy with conspiracy to illegally distribute oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and making false statements during the course of the investigation, in violation of 18 U.S.C. § 1001. She pleaded guilty to both counts. A Presentence Investigation Report ("PSR") recommended a guideline imprisonment range of 46 to 57 months. PSR ¶ 65, ECF No. 21. Kennedy did not raise any objections to the PSR. I

sentenced her to a within-guidelines sentence of 46 months' incarceration on each count, to be served concurrently. J. 2, ECF No. 16. She did not appeal.

Kennedy filed this § 2255 petition arguing that (1) she should have received a reduction in her sentencing guideline range because she played a minor role in the criminal conduct and (2) she should receive a reduction in her term of incarceration based on her post-sentence rehabilitation.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that the sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Kennedy bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

*A. Minor Role Reduction.*

Kennedy argues that I erred by failing to consider her limited role in the conspiracy when sentencing her, in accordance with Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2. This claim fails for many reasons. First, this issue is waived. Kennedy's plea agreement expressly waived her right to collaterally attack her sentence other than to raise issues that cannot be

waived, by law, or for ineffective assistance of counsel. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (concluding that collateral attack waivers are generally enforceable following a knowing and voluntary guilty plea, as was the case here). Second, at the time of sentencing, Kennedy never requested a reduction for a minor role, nor objected to the PSR. Accordingly, she has procedurally defaulted on this claim. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999) (noting that in order to collaterally attack a conviction or sentence, the defendant generally must have raised those claims before the trial court and on direct appeal).

In addition, Kenney has not pointed to any evidence that would warrant a minor role reduction. While asserting that she was blackmailed into writing prescriptions for oxycodone, she does not contest that she did, in fact, play an active role in the conspiracy by illegally proscribing the drugs. U.S.S.G. § 3B1.2(a) (allowing for a reduction in a defendant's sentencing guideline range if the defendant is less culpable than others involved in the criminal conduct). Finally, "[b]arring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015) (internal quotation marks and citation omitted). Accordingly, Kennedy's argument fails.

*B. Post-Sentencing Rehabilitation.*

Kennedy also asserts that she is entitled to a reduction in her sentence because while in prison, she has actively participated in programs and currently works as a teacher's aid. While these activities are commendable, they do not serve as a legal basis for revisiting her sentence. *Cf. Pepper v. United States*, 562 U.S. 476, 490 (2011) (allowing a court to consider a defendant's post-sentencing rehabilitation "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing").

III.

For these reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255. A separate order will be entered this day.

DATED: November 7, 2017

/s/ James P. Jones
United States District Judge